Opinion of the court delivered by
Judge Haywood.—
Crook, the plaintiff in the court below, declared against the plaintiffs in this court,“that whereas on the 28th day of August, 1824, by certain articles obligatory under seal, in consideration of 480 acres of land purchased by said Wilson and Harmon, they bound themselves to make to the said Crook the following payments, to wit: — 163 acres of land in the Western District, entered in the name of Thomas Brown; 195 acres entered in the name of William Howel, if said 195 acres can be procured from the owner, if not, then so much agreeably to quantity and quality. It was further covenanted and agreed, that the plaintiff, for the balance of said land, which was 121 acres, might take 100 acres entered in the name of Car- *128 land, and 52 acres entered in the name of Greer. The breaches assigned are, that the said Wilson and Harmon have not made payment and conveyance of the said 163 acres in the name of Brown, and of the said 195 acres in the name of Howel, nor so much agreeably to quantity and quality, to the said Crook, but in this have wholly neglected and refused; nor have said Wilson and Harmon paid and conveyed to said Crook the said 100 acres in the name of Garland, or the 52 acres in the name of Greer, although m March 1823, they were notified so'to do, and that he the said Crook, would receive said 100 acres and ,the tract of 52 acres, (in the name of Garland and Greer) and then requested payment and conveyance of the same as bound to do by said covenant, and so the said Wilson and Harmon have broken their covenants, &c. to the plaintiff’s damage $5000.”
The said Wilson and Harmon in their plea, on oyer, set out the covenant, by which, for and in consideration of the said 480 acres of land, they bind themselves to make the following payments, to wit: “163 acres of land entered in the name of Thomas Brown; 1954 acres in the name of William Howel, if said 195 acres can be purchased from the now present owner; if not, so much agreeably to quality and quantity; and the said Crook, for the balance of said land which is 121i acres, may take 100 acres entered (in said district) in the name of S. Garland, and 52 acres in the name of J. Greer, or any other lands that the said Crook may make choice of, to the amount of 1214 acres. If said choice should be made of any lands not belonging to said Wilson and Harmon, they have the right of making said purchase, if the lands are for sale; and if the said Wilson and Harmon cannot furnish the said Crook with 121 acres of land equal in value to the lands said Crook has agreed to receive, then they are to pay said Crook $610. If said Crook shall wish to settle on any of said land, he is to have possession on the 1st of January 1822.”
And as to the supposed breach assigned for not having paid and made conveyance for the 163 acres in the name *129 of Brown, the plaintiff ought not to have his action and damages, because, for plea, they say, after making said covenant and before action brought — to wit: on the-day of-&c. the said Wilson and Harmon were ready aud willing, and then and there offered to pay to said John Crook the tract of land of 163 acres entered in the name of Thomas Brown, and to make thereto a good and valid conveyance, to receive which, the said Crook wholly refused. And they further say, as to the'195 acres in the name of William Howel, the plaintiff ought not to have his action, &c. because they could not procure or purchase the same from the owner, and that after making the covenant and before this suit brought, to wit: on the-day of-&c. they, the said Wilson and Harmon, were ready and willing, and then and there offered to pay to plaintiff lands equal in value, agreeably to quantity and quality in satisfaction for the said 195 acres, and to make thereto a good and valid conveyance, and are still willing, &c. but the said Crook refuses, &c.
And-as to the said 100 acres and the said 52 acres, after covenant made, and before suit, &c. they offered to pay the same, and to make and execute good and valid deeds for the same, to receive which said Crook refused, &c. Wherefore they pray judgment. And for further plea, they, the said Wilson and Harmon, say, that after making the said covenant and before suit brought, the said Crook did not in reasonable time, give notice and request payment or conveyance of the said several tracts of land, &c. as bound by law to do — and pray judgment.
Special demurrer to both pleas, causes assigned, that defendants do not show that they offered a conveyance or were able to convey a title — and as to some of the covenants that no notice was necessary; that said pleas are bad in substance for part, and consequently bad for the whole.
The court on argument sustained the demurrer, and a writ of inquiry was awarded. Before a jury was called at the subsequent term, the defendants on affidavit, offered another plea, but as it is admitted the plea did not form *130 any substantial defence to the action it is not further no-' .» -t need.
On executing the writ of inquiry the jury gave damages $¡3,375 83, besides cost. Judgment was rendered thereon, and an appeal was taken in the nature, of a writ of error to this court.
The first question is, whether the plaintiff should have averred in his declaration a request to the defendant to convey the 163 acres and the 195 acres. If the act to be done by the covenantors is one which must be done upon the land to be conveyed and with the concurrence of the covenantee, they would be bound to perpetual attendance, (not knowing when the covenantee would call for the performance,) if they were deemed to break the covenant whenever the covenantee shall come to the land and the covenantors were absent. To prevent so unreasonable a hardship, the law is satisfied if the covenantor will be upon the land to do the local act which is there to be performed, at the time he shall be requested to be there.— Such is the case where the covenantors are to make a feoffment to the covenantees. It is a local act to be done upon the land, for the covenantors must make livery of seizen of the land to the covenantee. But if the covenantors are to do an act which may be done off the land as well as upon it, then without any such request made, the covenantors must do this act in convenient or reasonable time, and of this the court must judge, and determine, whether, before the commencement of his action, a reasonable time had intervened, within which the co-venantors might have performed what by their covenants they ought to have done. (6 Rep. 30, 31. The making of a deed of conveyance for lands which were the subject of this covenant is a transitory act, which may be done at any place where the covenantee may happen to be, and it is not like a feoffment which cannot be done but at one certain place. In this declaration it was not necessary that any request be laid to entitle the plaintiff to his action ; and on the face of this declaration, it is apparent that a reasonable time had elapsed before the commence *131 ment of this action; for the declaration sets out the date of the covenant, and the time of commencing the action is seen in the record. In these respects the declaration is well enough, so far as regards the 163 acres of land, the 195 acres, or the land to be given in lieu of it. The alternative covenants were for the benefit of the co-venantors, enabling them, if they could not do one thing, to do another which should be equally available. When it is alleged that the covenantors have not done either the one or the other, can they excuse themselves by saying that they could not do the first? For, if so, why have they not done the latter? Or can they excuse themselves by saying that they could do the first? Why then have they not done it? It being stated in the declaration that they have done neither, if the fact really be that they were able to do the first and have done it, the statement of this fact would show a complete performance as to this part of the covenant relating to the 163 and 195 acres. The declaration is good so far as the 163 and 195 acres are concerned. But as to the 100 acres in the name of Garland and 52 acres in the name of Greer, let it be taken that they were to be conveyed to the covenantee, if he liked them, or otherwise, 121 acres in lieu thereof, it is then true that the defendants could not know whether to make a deed to the covenantee for the 100 and the 52 acres, or for the 1214 in lieu of them, unless they could first know whether the covenantee will accept of the two tracts of 100 and 52 or not. Where the thing necessary to be known is already known to the covenantors, they need not be informed thereof by the covenantee, or if it be known to a stranger from whom the covenantors may be as well informed as the plaintiff can, they must get it, without waiting for the covenantee to get it for-them. But where the thing necessary for the covenan-tors to know is known only to the covenantee, then he ought to give notice thereof to the covenantors, because they have no other means of coming at this knowledge but by information from the covenantee. (Cro. El. 834, Cro. Jac. 432. Here the defendants, could not know but *132 by notice from the plaintiff, whether he would accept of the 100 acre tract or the 52 acre tract or not, and there-f0re the plaintiff should have given them notice,and should have stated it in his declaration by special averment. The omission is matter of substance and might have been taken advantage of on general demurrer, which is only for the omission of matters of substance: (Doug. 679, 1 Stra. 38;) and tbe question comes forward, can the omission of this special averment be helped by the plea of the defendants? The plea says that the defendants offered to convey these two tracts, hence is inferred an admission on their part that they were bound to do so, which obligation could no otherwise be fixed upon them but by a previous notice given to them by the plaintiff that he was willing to accept of the same two tracts. The plaintiff complains that they did not convey these two tracts, which they were not bound to convey, unless by his previous consent to accept them, made known to the cove-nantors. Both the plaintiff and the covenantors agree in the fact that the defendant ought to have conveyed these two tracts. The pleadings, it is argued, show upon their face when taken altogether, that the fact of notice to the covenantors is sufficiently apparent, though not stated in the declaration. The old rule was, that matters of form, such as time, place and circumstances, which might be taken advantage of by special demurrer, can be cured by the plea of the defendant, but that matters of substance, which can be taken advantage of by general demurrer, cannot be cured by the plea of the defendant. So the rule is laid down in 8 Rep. 119 b. 120 a. Tidd. 406, Chitty 401. But certainly it has been often extended so as to cure the omission of matters of substance which must have been taken advantage of on general demurrer. Matters of substance are cured by pleading oyer; (2 Saun. 74 b. 16 Viner 388,Placitum 8. 1 Plowden 182 b: and not only material things imperfectly alleged have been cured, but also material things not alleged at all. To this effect are Cro. Car. 207, 385, Lutw. 632, Cro. El. 68, 110; 16 Viner, pleader G. pl. 6— *133 The willingness of the plaintiff to take the tracts of 100 and of 52 acres is so plainly apparent upon the record, that there seems to be no risk in making the inference that it was so understood both by the covenantors and co-venantee, and that therefore the want of notice alleged in the declaration is cured by the pleas of the defendants.
By 4 and 5 Ann. ch. 16, when a demurrer is joined, the judges shall give judgment as the very right of the cause and matter in law shall appear to them, without regarding any omission, &c. except those specially demurred to, notwithstanding that such omission, &c. might have heretofore been taken as matter of substance, &c. And by the act of 1807, ch. 126, sec. 10, this court is not to reverse judgment but formatters afiecting the merits, &c. If we can say upon the whole record, in reference to this omission, that the matter omitted is sufficiently apparent, we ought not to reverse the judgment for this cause.
But, indeed, as to the hundred acres, and fifty-two acres, the spirit of the covenant is, that the covenantee shall receive them, unless he make choice of the 12Ü, and in case of not making such choice, he was not to be entitled to any of the subsequent alternatives, and his claim rested upon the two specified tracts. He does not claim the alternatives, nor state any election of them to have been made by himself, and admit this in pleading, for they do not say he made an election and they offered to convey according to it. All the alternative items, then, subsequent to these two tracts, arc by the pleadings on both sides dismissed from the controversy. There is then no necessity of any notice by the covenantee to the covenantors, that he made an ulterior choice — that not being the fact, and then it is a good 'breach to say, that the said covenantors did not convey the two tracts.
The pleas of the defendants are not sufficient to bar the plaintiff, for they only set forth, that the defendants were ready and offered to convey. They should have also set forth, that they had a title to the lands offered to be conveyed, and should have stated what that title was, that the court might see that it was sufficient; and *134 they should have described the deed by which they offered to convey; so that, the court might see that it was sufficient. (6 East, 559; 1 H. B. 270, 275; 2 H. B. 123. And as to the 195 acres, they should have shown moreover, what lands they were; and should have stated that they were equal in quantity and quality, that issue might have been taken upon this material fact, if the plaintiff thought proper; and with respect to all the tracts, very probably the plea, in describing the deeds tendered, should state such covenants contained therein for the benefit of the grantee, as are usually contained in deeds far land purchased for a valuable consideration paid therefor.
It will be perceived, that in these remarks, it is taken as true, that the declaration does not speak of notice or request to convey, made by the covenantee; whereas, with respect to the 100 acres and the 52 acres, both notice and request are alleged. As to the 163 and 195 acres, no notice or request is averred; and then the plea saying, that the covenantee did not give notice or make request, is the denial of a fact which is not alleged. The defendant, in such cases, should demur to the declaration, and leave it to the court, whether, without the omitted tact, the covenantee be entitled to his action. If a plea denying the unaverred fapt were proper, then the plaintiff would be compelled to join issue upon a fact which he admitted not to exist, and to be at the expense and trouble of a trial by jury, to have it established by verdict that it did not exist, when at the same time, its non-existence was already apparent upon the face of the declaration, being no where averred on the face of the same. The plea, when demurred to, is bad for this cause alone, and the court looks to the declaration to see whether enough be alleged therein to give judgment upon.
This is the reason why we have gone back to the declaration in these instances; and with respect to the 100 and the 52 acres, though the notice and request are averred in the declaration and denied in the plea, yet the plaintiff might decline taking issue thereon, knowing the *135 fact to be against him, and might demur and confess the fact to he, as the plea stated, that he did not give notice and make request; and then the matter will stand, as if notice given or request made, were not stated in the declaration. In this instance, therefore, we have considered it as not stated in the declaration. Upon part of the pleadings, the inference is deducible, that notice was given, if it were necessary; but this one plea of which we now treat, and the demurrer upon it, terminate in the admission, that the fact of notice and request does not exist. But, though the inference be for the fact on one plea, and against it on the other, still, upon the whole matter, the covenantee is entitled to his action: for, whether he did or did not give notice and make request, the plaintiff is still entitled to sue. If he did give uotice, utile per inutile non vitiatur; if he did not give notice, the law did not require it. Judgment affirmed.
W. E. Anderson, for plaintiff in error.
H, Dunlap and A. Hays, for defendant.